**DEREK SMITH LAW GROUP, PLLC**
CATHERINE W. LOWRY, ESQUIRE
Attorney ID No. 316291
1628 Pine Street
Philadelphia, PA 19103
(267) 857-0832
catherine@dereksmithlaw.com
*Attorneys for Plaintiff Jennifer Remshard*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER REMSHARD,<br><br>     Plaintiff,<br><br> v.<br><br>PL PHASE ONE OPERATIONS GP, INC.; PL PHASE ONE OPERATIONS GP, INC. d/b/a XFINITY LIVE! PHILADELPHIA; CSLP PHASE ONE OPERATOR, LP; CSLP PHASE ONE OPERATOR, LP d/b/a XFINITY LIVE! PHILADELPHIA; PL PHASE ONE INVESTORS, LP; PL PHASE ONE INVESTORS, LP d/b/a XFINITY LIVE! PHILADELPHIA; JANE DOE; and JANE DOE 2,<br><br>     Defendants. | Civil Action No.<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

**CIVIL ACTION COMPLAINT**

Plaintiff, Jennifer Remshard (hereinafter "Plaintiff"), by and through her attorneys, Derek Smith Law Group, PLLC, by way of this Complaint states:

**NATURE OF THE CASE**

1. This action arises out of unlawful discrimination on the basis of sex and gender to which Plaintiff was subjected, including her discharge from a public accommodation because of her sex and gender.

2. Plaintiff brings this action charging that Defendants violated Plaintiff's rights pursuant to the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et seq. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Philadelphia Code §§ 9-1101 et seq. ("PFPO").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On February 19, 2024, Plaintiff timely filed a verified Complaint with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations alleging violations under the PHRA and PFPO.

4. Plaintiff's rights under the PHRA and the PFPO are ripe for suit because it has been more than one year since Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations.

## PARTIES

5. Plaintiff is an adult female residing in the State of Florida.

6. Defendant PL Phase One Operations GP, Inc. (hereinafter referred to as "Defendant PLPO Operations") is a corporation existing under the existing law of the Commonwealth of Pennsylvania.

7. At all times material, Defendant PLPO Operations' primary place of business was 601 E Pratt Street, 6th Floor, Baltimore, MD 21202.

8. Defendant CSLP Phase One Operator, LP (hereinafter referred to as "Defendant CSLP") is a corporation existing under the existing law of the Commonwealth of Pennsylvania.

9. At all times material, Defendant CSLP's primary place of business was 3601 South Broad Street, Philadelphia, Pa 19148.

10. Defendant PL Phase One Investors, LP (hereinafter referred to as "Defendant PLPO Investors") is a corporation existing under the existing law of the Commonwealth of Pennsylvania.

11. At all times material, Defendant PLPO Investors' primary place of business was located at 601 E Pratt Street, 6th Floor, Baltimore, MD 21202.

12. At all times material, Defendants PLPO Investors, CSLP, and PLPO Operations, were doing business as Xfinity Live! (hereinafter referred to as "Defendant Xfinity").

13. At all times material, Defendant Xfinity's primary place of business was located at 1100 Pattison Avenue, Philadelphia, PA 19148.

14. Defendants PLPO Investors, CSLP, PLPO Operations, and Xfinity are hereinafter referred to as Corporate Defendants. At all times material hereto, Corporate Defendants conducted business in Philadelphia County, in the Commonwealth of Pennsylvania and continuously employed four or more individuals and thus, fall within the reach of the PHRA.

15. At all times material, Defendant Jane Doe was a restroom attendant with Defendant Xfinity.

16. At all times material, Defendant Jane Doe 2 was a supervisor with Defendant Xfinity.

17. Jane Doe Defendants are sued in a fictitious capacity based on their involvement in the conduct alleged herein.

18. Plaintiff will seek leave of Court to amend the Complaint to substitute their true identities if and when they are ascertained through discovery.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Plaintiff is a citizen of Florida.

21. Defendant PLPO Operations is a citizen of Maryland, with is principal place of business in Maryland.

22. Defendant CSLP is a citizen of Pennsylvania, with is principal place of business in Pennsylvania.

23. Defendants PLPO Investors is a citizen of Maryland, with is principal place of business in Maryland.

24. Defendants Jane Doe and Jane Doe 2 (hereinafter "Doe Defendants") are fictitiously named individuals whose true names and citizenship are presently unknown.

25. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in, and Defendants conduct business in, Philadelphia County, Pennsylvania within the Eastern District of Pennsylvania.

## MATERIAL FACTS

26. Around December 31, 2023, Plaintiff visited Defendant Xfinity as a patron with a group of friends.

27. After a period of time, within Defendant Xfinity, Plaintiff was approached by her friend who informed her of an incident in the restroom area.

28. Plaintiff's female friend informed her that she had been told she was unable to use the restroom unless she left her drink, **unattended**, on a small table near the restroom's door.

29. Plaintiff, having been at Defendant Xfinity numerous times previously, was confused as she had never been required to leave her drink in order to use the restroom at Defendant Xfinity.

30. Thereafter, Plaintiff attempted to take her beverage into the restroom as she did not want to leave it unattended for fear that someone may "spike" (i.e., drug) her drink.

31. When Plaintiff entered the restroom, she was told by Defendant Jane Doe, the restroom attendant, that she had to leave her drink on the table outside of the stall.

32. Plaintiff informed Defendant Jane Doe that she did not feel comfortable leaving her drink unattended due to the risk that someone could "spike" her unattended drink.

33. Defendant Jane Doe laughed at Plaintiff's concerns and told Plaintiff that she would "watch her drink."

34. Plaintiff indicated that she was still uncomfortable as she did not know Defendant Jane Doe and did not trust strangers with her beverage as there is a huge risk associated with leaving a drink unattended.

35. Upon information and belief, drink "spiking" is an event that disproportionately effects women versus men.

36. Defendant Jane Doe then informed Plaintiff that if she would not leave her drink, she would not be able to utilize the stalls within Defendant Xfinity.

37. As Plaintiff felt incredibly uncomfortable, she exited the restroom.

38. Thereafter, Plaintiff noticed that the men were not similarly required to leave their beverages unattended and were able to bring them into the restroom.

39. Plaintiff inquired with John Doe, a male security guard sitting outside both the male and

female restrooms, why only the women were required to leave their beverages unattended in order to use the restroom.

40. John Doe ignored Plaintiff and refused to address her concerns.

41. Thereafter, Plaintiff approached Mike Delia (hereinafter referred to as "Mr. Delia"), the Assistant Director of Security, to discuss her concerns.

42. Plaintiff informed Mr. Delia of the situation that just occurred within the women's restroom and reported that she felt what occurred was sex/gender discrimination as the men were not similarly required to leave their beverages unattended.

43. Mr. Delia informed Plaintiff that was not a policy and that she should be able to take her beverage into the restroom.

44. Mr. Delia then walked over to the restroom to rectify the situation and speak with Defendant Jane Doe.

45. Plaintiff was not present during the conversation Mr. Delia had with Defendant Jane Doe.

46. Mr. Delia came back to Plaintiff and stated that Defendant Jane Doe said she cannot use the restroom without leaving her beverage on the table.

47. Mr. Delia further informed Plaintiff that he works for a private security company and not Defendant Xfinity directly, but that he would get a manager with Defendant Xfinity for Plaintiff to speak with.

48. Thereafter, Mr. Delia returned with a Defendant Xfinity employee, Defendant Jane Doe 2.

49. Defendant Jane Doe 2 approached Plaintiff and rudely stated, "what's the problem?"

50. Upon information and belief, Defendant Jane Doe 2 is a Manger for Defendant Xfinity.

51. Plaintiff calmly asked who she was, as Plaintiff wanted to ensure she was speaking with a Defendant Xfinity management level employee.

52. Defendant Jane Doe 2 stated, "if you are going to get aggressive, I am not talking to you."

53. Plaintiff at no point in time was aggressive with Defendant Jane Doe 2 nor did Plaintiff ever raise her voice.

54. Plaintiff informed Defendant Jane Doe 2 that she was not being aggressive and just wanted to know who she was speaking with as she had serious concerns that needed to be addressed.

55. Defendant Jane Doe 2 refused to provide Plaintiff with her name or her title.

56. Plaintiff then informed Defendant Jane Doe 2 of the sex/gender discrimination that Defendant Xfinity's women patrons were being subjected to.

57. Defendant Jane Doe 2 then went into the restroom to speak with Defendant Jane Doe.

58. Defendant Jane Doe 2 came back to Plaintiff and stated that the reason she was not allowed to use the restroom was because she was "aggressive" and that the other individuals in line agreed.

59. Plaintiff informed Defendant Jane Doe 2 that she had not been in the restroom in fifteen (15) minutes and so the same people were not in line, and she was confused as to how she was being labeled as "aggressive."

60. Upon information and belief, Plaintiff was being labeled as "aggressive" as a pretextual reason to discharge her from Defendant Xfinity in retaliation for Plaintiff reports of sex/gender discrimination.

61. Thereafter, Defendant Jane Doe 2 demanded that Plaintiff exit Defendant Xfinity and had security officers walk Plaintiff out.

62. This caused Plaintiff to feel incredibly humiliated, embarrassed, victimized, degraded, and emotionally distressed.

63. Defendants egregiously discriminated and retaliated against Plaintiff on the basis of

sex/gender.

64. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

65. As a result of Defendants' actions, Plaintiff was denied accommodations on the basis of sex/gender.

66. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

67. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments related to the harassment she endured.

68. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer past and future pecuniary losses, as well as emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

69. The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff.

70. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

71. Plaintiff further seeks attorneys' fees and costs.

### COUNT I
### Discrimination
### Pennsylvania Human Relations Act
### (Plaintiff v. Corporate Defendants)

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

73. Section 3 of the Pennsylvania Human Relations Act provides the right to freedom from discrimination in employment, housing, public accommodations and commercial property:

    The opportunity for an individual to obtain employment for which he is qualified, and to obtain all the accommodations, advantages, facilities and privileges of any public accommodation and of any housing accommodation and commercial property without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of the blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act.

74. Section 5 of the Act further makes it unlawful "for any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any public accommodation, resort or amusement to . . . [r]efuse, withhold from, or deny to any person because of [her] race, color, sex, religious creed, ancestry, national origin or handicap or disability . . . either directly or indirectly, any of the accommodations, advantages, facilities or privileges of such public accommodation, resort or amusement."

75. Defendants engaged in an unlawful discriminatory practice by creating and maintaining an environment where Plaintiff would be discriminated against for her sex/gender.

76. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the Pennsylvania Human Relations Act and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

77. As a result of the above, Plaintiff has suffered damages.

78. Plaintiff seeks all relief available under the PHRA.

<div style="text-align:center">

**COUNT II**
**Aiding and Abetting**
**Pennsylvania Human Relations Act**
**(Plaintiff v. Defendants Jane Doe and Jane Doe 2)**

</div>

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

80. Section 5 of the Pennsylvania Human Relations Act makes it unlawful "For any person, employer, employment agency, labor organization or employee to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

81. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

82. Plaintiff hereby makes a claim against Defendants Jane Doe and Jane Doe 2 under all applicable paragraphs of the Pennsylvania Human Relations Act and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

83. As a result of the above, Plaintiff has suffered damages.

84. Plaintiff seeks all relief available under the PHRA.

<div style="text-align:center">

**COUNT III**
**Retaliation**
**Pennsylvania Human Relations Act**
**(Plaintiff v. All Defendants)**

</div>

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

86. Section 3 of the Pennsylvania Human Relations Act makes it unlawful "for any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

87. Defendants engaged in an unlawful practice when they escorted Plaintiff off Defendant Xfinity's premises after she opposed and reported sex/gender discrimination.

88. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the Pennsylvania Human Relations Act Section 5 and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

89. As a result of the above, Plaintiff has suffered damages.

90. Plaintiff seeks all relief available under the PHRA.

## COUNT IV
### Discrimination
### Philadelphia Fair Practices Ordinance
**(Plaintiff v. All Defendants)**

91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

92. Section 9-1106 of the PFPO provides "It shall be an unlawful public accommodations practice to deny or interfere with the public accommodations opportunities of an individual or otherwise discriminate based on his or her race, ethnicity, color, sex…"

93. Section 9-1106 of the PFPO further declares it unlawful "For any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any public accommodation to: (.1)  Refuse, withhold from, or deny to any person, either directly or indirectly, any of the

accommodations, advantages, facilities or privileges of such public accommodation on a discriminatory basis."

94. Defendants engaged in an unlawful discriminatory practice by creating and maintaining an environment where Plaintiff would be discriminated against for her sex/gender.

95. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the PFPO and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

96. As a result of the above, Plaintiff has suffered damages.

97. Plaintiff seeks all relief available under the PFPO.

## COUNT V
### Aiding and Abetting
### Philadelphia Fair Practices Ordinance
**(Plaintiff v. Defendants Jane Doe and Jane Doe 2)**

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

99. Section 9-1106 of the PFPO makes it unlawful "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful public accommodations practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful public accommodations practice." Defendants Jane Doe and Jane Doe 2 engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior of Corporate Defendants as stated herein.

100.    Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the PFPO and all other causes of action which are alleged and/or can be inferred from the facts

set forth herein.

101. As a result of the above, Plaintiff has suffered damages.

102. Plaintiff seeks all relief available under the PFPO

**COUNT VI**
**Retaliation**
**<u>Philadelphia Fair Practices Ordinance</u>**
**(Plaintiff v. All Defendants)**

103. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

104. Section 9-1106 of the PFPO makes it unlawful " For any person to harass, threaten, harm, damage or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Section, exercised his, her or its rights under this Section, enjoyed the benefits of this Section, or made a charge, testified, or assisted in any manner in any investigation, proceeding or hearing hereunder."

105. Defendants engaged in an unlawful practice when they escorted Plaintiff off Defendant Xfinity's premises after she opposed and reported sex/gender discrimination.

106. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the PFPO and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

107. As a result of the above, Plaintiff has suffered damages.

108. Plaintiff seeks all relief available under the PFPO.

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's claims alleged herein, her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this action.

**PRAYER FOR RELIEF**

Plaintiff demands judgment against all Defendants jointly and severally and prays for the following relief: (1) actual damages; (2) compensatory damages; (3) reasonable attorneys' fees; (4) litigation costs; (5) pre- and post-judgment interest; (6) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of the law; (7) punitive damages; (8) injunctive relief requiring Defendants to initiate and implement policies and training protocols that will prevent will sex/gender discrimination against patrons of their establishment; and (9) all additional general and equitable relief to which Plaintiff is entitled.

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Catherine W. Lowry, Esq.*
Catherine W. Lowry, Esq.
1628 Pine Street
Philadelphia, PA 19103
Phone: 267-857-0832
Catherine@dereksmithlaw.com
*Attorneys for Jennifer Remshard*

Date: January 22, 2026